J-S09003-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BYRON LAWRENCE | : | |
| | : | |
| Appellant | : | No. 928 EDA 2023 |

Appeal from the PCRA Order Entered March 1, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-1100011-1991

BEFORE:  PANELLA, P.J.E., NICHOLS, J., and BECK, J.

MEMORANDUM BY PANELLA, P.J.E.:                    **FILED MAY 30, 2024**

Byron Lawrence appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas on March 1, 2023, dismissing his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546 as untimely. Because we agree with the PCRA court that Lawrence's petition was untimely and he failed to plead and prove an exception to the PCRA time-bar, we affirm the PCRA court's order denying the PCRA petition.

On April 29, 1993, following a jury trial, Lawrence was convicted of multiple counts of aggravated assault, criminal conspiracy, first-degree murder, and related offenses. Following the denial of post-verdict motions, the trial court sentenced Lawrence to life imprisonment. We affirmed the

judgment of sentence on direct appeal. The Pennsylvania Supreme Court subsequently denied allowance of appeal.

In May 1998, Lawrence filed his first PCRA petition, *pro se*. Counsel was appointed and filed an amended petition. The PCRA court subsequently denied the PCRA petition as lacking merit. We affirmed the denial, and our Supreme Court later denied allowance of appeal. Subsequent petitions filed in 2001 and 2010 were dismissed as untimely and affirmed by this Court on appeal.

On May 17, 2021, Lawrence filed the instant fourth *pro se* PCRA petition. The PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. After receiving Lawrence's response, the PCRA court denied the petition on March 1, 2023. This timely appeal followed.

Prior to reaching the merits of Lawrence's claims on appeal, we must first consider the timeliness of his PCRA petition. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

- 2 -

***Commonwealth v. Jones***, 54 A.3d 14, 16-17 (Pa. 2012) (internal citations and footnote omitted).

Lawrence's judgment of sentence became final in 1997, ninety days after his petition for allowance of appeal was denied by the Pennsylvania Supreme Court, when time for filing a petition for writ of certiorari to the United States Supreme Court expired. The instant petition – filed more than two decades later — is patently untimely. Therefore, the PCRA court lacked jurisdiction to review Lawrence's petition unless he was able to successfully plead and prove one of the statutory exceptions to the PCRA's time-bar. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

> The PCRA provides three exceptions to its time bar:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Exceptions to the time-bar must be pled in the petition and may not be raised for the first time on appeal. ***See Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also***

Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Further,

> [a]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

*Commonwealth v. Lyons*, 833 A.2d 245, 251–52 (Pa. Super. 2003) (citations omitted).

Even liberally construed, Lawrence has failed to plead and prove that any of his claims constitute a valid exception to the PCRA time-bar. Lawrence provided six paragraphs in support of his assertion that the claims raised in his petition are timely and properly before the court. Those paragraphs, reproduced verbatim, state as follows:

> (6) Petitioners current petition is untimely on it's face. However, the proffered Newly Discovered facts is of such that can be litigated in an untimely PCRA petition in the interest of justice.
>
> (7) This Petition is being filed pursuant to 42 Pa.C.S. § 9543 (a)(2)(iv) and 9545(b)(2)(ii) and is timely as it is filed within the one year of the date on which the exculpatory evidence herein was discovered. In addition to the timeliness factor, on October 27,2018, Governor Wolfe signed into Law Senate Bill 915 expanding the exception for filing claim based on previously unknown facts to one year from the date the claim could have been presented. Here, Newly-Discovered factual evidence is asserted by Petitioner.
>
> (8) Petitioner received notice of the proffered evidence on June 2020, from Co-defendant Eric Rogers from S.C.I. Mahony, who mailed transmitted proffered evidence of an affidavit of

Christopher Lester. Statement of Christopher Lester dated December 30th 2020 attached hereto as Exhibit "A".

(9) Petitioner also received notice of additional proffered exculpatory evidence on June 5, 2020, from Darryl Rain who mailed the transmitted proffered exculpatory evidence of an affidavit of himself on June 11, 2020, Statement of Darryl Raines attached hereto.Exhibit "B".

(10) Petitioners PCRA petition is timely filed as it was filed within the one year of the discovery of a previously unavailability of two witnesses, whom are willing to come forth and testify as petitioners actual innocence, and in Mr.Raines account, He was threaten by aPhiladelphia Polce Detctive.

(11) Petitioners claims fit within subsection (a)(2)(i) since a violation of the Constitution of this Commonwealth and the Constitution of the United States which, in the circumstances of the particular case, so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place.

PCRA Petition, 5/17/21, at 5-6.

Lawrence asserts he meets the requirements of Section 9545(b)(1)(ii), i.e., the newly discovered fact exception to the PCRA's time-bar based on two affidavits that he claims prove his innocence.

Section 9545(b)(1)(ii) requires the petitioner to allege and prove that there were facts that were unknown to him and that he could not have ascertained those facts by the exercise of due diligence. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1270-72 (Pa. 2007). "The focus of the exception is on [the] newly discovered facts, not on a newly discovered or newly willing source for previously known facts." *Commonwealth v. Marshall*, 947 A.2d 714, 720 (Pa. 2008) (citation omitted); *see also Commonwealth v. Abu-*

*Jamal*, 941 A.2d 1263, 1269 (Pa. 2008) (holding an affidavit alleging perjury did not bring a petitioner's claim of fabricated testimony within the scope of section 9545(b)(1)(ii) because the only "new" aspect of the claim was that a new witness had come forward to testify regarding the previously raised claim).

First, Lawrence provides an affidavit from his co-defendant, Eric Rogers, in which Rogers states he is forwarding an affidavit that he received from Christopher Laster in December 2019. Rogers states he is forwarding the affidavit to Lawrence because Laster's affidavit "shows both of our actual innocence from crimes that we are in prison for." PCRA Petition, 5/27/21, at Exhibit A.

In his affidavit, Laster states that a fellow inmate, Byron Wise, admitted to him that Wise and another individual by the name of "Ray-Ray were the actual shooters involved in the crimes Lawrence and Rogers were convicted of. *See id*. Laster claims Wise told him "the police mixed him up with [] Lawrence because [] Lawrence lived across the street on the same block as [] Wise and looked alike with the same name." *Id*.

Lawrence filed his petition after learning about Laster's claims of Wise and "Ray-Ray" being the shooters, as outlined in the Rogers/Laster affidavit. However, the affidavit itself is not a new fact. *See Abu-Jamal*, 941 A.2d at 1269; *Commonwealth v. Maxwell*, 232 A.3d 739, 745 (Pa. Super. 2020). The actual "fact" for purposes of Section 9545(b)(1)(ii) is that Wise and "Ray-

Ray" were the shooters and that Rogers and Lawrence were not the shooters. *See Commonwealth v. Marshall*, 947 A.2d at 720 (holding that an affidavit alleging perjury does not satisfy the requirements of the newly discovered fact exception "because the only 'new' aspect of the claim was that a new witness had come forward to testify regarding the previously raised claim.").

It is clear from a review of the record that the affidavit is merely a new conduit for information already known by Lawrence. The underlying assertion that Lawrence was not the shooter is not a "new fact" to Lawrence, as that has been the defense theory since trial. The specific argument that Wise, and "Ray-Ray", i.e. Ray Adams, were the actual shooters was included in Lawrence's first three PCRA petitions. *See* PCRA Petition, 5/5/1998, at 2; *see also* Memorandum of Law in Support of Amended PCRA Petition, 5/15/2001, at 10; *see also* PCRA Petition, 7/15/2010, at Exhibit A; *see also* Amended PCRA Petition, 12/20/2010, at Exhibit B.

Accordingly, Lawrence's allegation of a newly discovered fact based on the Rogers/Laster affidavit does not qualify his petition for an exception to the PCRA's time-bar.

Next, Lawrence attempts to invoke the newly-discovered fact exception based on an affidavit from Darryl Raines, in which Raines states that Lawrence was not at the scene of the crime because Lawrence was with Raines all day helping friends move. *See* PCRA petition, 5/27/21, at Exhibit B. Raines also

states that he was supposed to testify at Lawrence's trial and showed up "eager and ready", but that the police scared him into not testifying. *See id*.

Here, the first "fact" for purposes of Section 9545(b)(1)(ii) is that on the day in question, Lawrence was helping a friend move and was not at the playground where the underlying shooting leading to Lawrence's convictions occurred. This is not a "newly discovered fact." It is clear Lawrence knew where he was on the day in question and could have brought this fact up sooner. Lawrence included this fact in his first PCRA petition, through another affidavit in which another individual claimed they were at the playground at the time of the shooting and Lawrence was not there. *See* PCRA Petition, 5/15/01, at Exhibit B2. The "fact" that another witness was willing to testify to a previously known fact does not satisfy the newly discovered fact exception to the PCRA's time-bar.

Notably, Lawrence makes it clear that he did not offer Raines's affidavit to prove there was an alibi witness who was willing to testify. Rather, he claims on appeal that the affidavit was solely offered to establish a *Brady*[1] violation, referring to the alleged witness intimidation committed by the police against Raines.

Lawrence appears to rely entirely on Raines' unsubstantiated claim that police officers threatened Raines not to testify on the day of trial in order prove

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

governmental interference. This argument confuses the standard for establishing a **Brady** violation with that required to establish a valid argument for application of the interference by government officials timeliness exception set forth in Section 9545(b)(1)(i). Additionally, not only did Lawrence not preserve a **Brady** claim in his PCRA petition,[2] this claim does not even constitute a **Brady** violation.[3] Even if it did, Lawrence is not entitled to an

_____

[2] After a review of the record, we find no such claim regarding a **Brady** violation was included in the instant PCRA petition. For some reason, the PCRA court referenced a **Brady** claim in its Rule 907 notice to Lawrence. Notably, Lawrence did not make any mention of a **Brady** claim in his response to the Rule 907 notice either. It is only now, on appeal, that Lawrence seems to argue that an alleged **Brady** violation qualified as a governmental interference exception to the timeliness rule.

As this claim was not raised in Lawrence's PCRA petition, it is waived. **See Burton**, 936 A.2d at 525; **see also** Pa.R.A.P. 302(a).

[3] In order to establish a **Brady** violation, the Pennsylvania Supreme Court has previously explained:

> There are three components of a true **Brady** violation: [t]he evidence must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued.

**Commonwealth v. Natividad**, 200 A.3d 11, 25-26 (Pa. 2019) (citation omitted). The burden rests on the defendant to "prove, by reference to the record, that evidence was withheld or suppressed by the prosecution." **Commonwealth v. Porter**, 728 A.2d 890, 898 (Pa. 1999).

At no point does Lawrence suggest that the prosecutor knew or should have known that the Commonwealth knew of the alleged witness intimidation, much less that "the police scared [Raines] into not testifying" and withheld that information from Lawrence.

indefinite period to raise that claim by invocation of the government interference exception.

"Although a *Brady* violation may fall within the governmental interference exception, the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence." *Abu-Jamal*, 941 A.2d at 1268 (citation omitted); 42 Pa.C.S.A. § 9545(b)(1)(i). "In other words, a petitioner is required to show that but for the interference of a government actor he could not have filed his claim earlier." *Commonwealth v. Vinson*, 249 A.3d 1197, 1205 (Pa. Super. 2021) (*citing Stokes*, 959 A.2d at 310)).

Lawrence fails to allege that government officials impeded him in any way from presenting a claim cognizable under the PCRA within the required time frame.

Lawrence also failed to explain why he could not have obtained the information earlier with the exercise of due diligence. Lawrence states he had no way of contacting Raines after his failure to appear at trial as an alibi witness. However, Lawrence fails to explain why he and his attorney had no means or avenue to contact Raines.

It is simply not clear to us why it was not possible for him to secure an affidavit for over two decades from Raines, a witness he has admittedly known about since trial. As Raines was a friend of his, it is unclear why he, or a friend

- 10 -

or family member, would not have been able to get in contact with Raines. Further, it is clear from his affidavit that Raines is an inmate in the prison system. He therefore could not have been that difficult to locate with a simple search.

In any event, even if we are to believe Lawrence was unable to get in touch with Rogers and Raines on his own, Lawrence still fails to demonstrate due diligence in obtaining either affidavit. Almost three decades have passed since Lawrence's convictions. Lawrence states that in 2009, with the help of family and friends, he constructed a flyer enlisting the public's help with any information related to the June 29, 1989 shooting. Lawrence claims this process resulted in many affidavits being sent to him over the years, including the affidavits from Rogers, Laster, and Raines. However, Lawrence does not explain why he was not able to create the flyers in the decade between his conviction and when he started printing the flyers in 2009, or for that matter, why he was unable to search for information in any other way in that past decade.

As the PCRA court properly concluded Lawrence's PCRA petition was untimely and does not fall under an exception to the PCRA time bar, we affirm the PCRA court's order dismissing the petition.

Order affirmed.

Judge Beck joins the memorandum.

Judge Nichols concurs in the result.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/30/2024